[894 NYS2d 761]

In the Matter of HERBERT N. POSNER (Admitted as HERBERT NELSON POSNER), an Attorney, Resignor.

Second Department, February 23, 2010

**APPEARANCES OF COUNSEL**

*Steven Kroleski*, Pelham, for resignor.

*Gary L. Casella*, White Plains (*Gloria J. Anderson* of counsel), for Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Herbert N. Posner has submitted an affidavit dated August 20, 2009 wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Posner was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 14, 1961, under the name Herbert Nelson Posner.

Mr. Posner avers that his resignation is tendered voluntarily, free from coercion and duress, and after consultation with his counsel. He is fully aware of the implication of submitting a resignation.

Mr. Posner is aware that he is the subject of an investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct based on a complaint filed against him. The Grievance Committee's investigation revealed, inter alia, that Mr. Posner breached his fiduciary duty regarding the maintenance of client escrow funds and made misrepresentations to a tribunal in connection with pending litigation, in violation of Code of Professional Responsibility DR 9-102 and DR 1-102 (a) (4) (22 NYCRR 1200.46, 1200.3 [a] [4]), now known as rules 1.15 and 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0). Based on the scope of the investigation, Mr. Posner acknowledges that the Grievance Committee is likely to seek authorization to institute a disciplinary proceeding against him and to move for his suspension pursuant to 22 NYCRR 691.4 (l) (1) (ii) and/or (iii).

Mr. Posner acknowledges his inability to successfully defend himself on the merits against such charges. He is aware that this Court could require him to make monetary restitution for any actual losses and claims of assets that were actually misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same.

Mr. Posner is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the proffered resignation as in the best interest of the public and the

most expeditious way to conclude this matter and save the Court's time and expense while still protecting the public.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Herbert N. Posner, admitted as Herbert Nelson Posner, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RIVERA, SKELOS, FISHER and CHAMBERS, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Herbert N. Posner, admitted as Herbert Nelson Posner, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Herbert N. Posner, admitted as Herbert Nelson Posner, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Herbert N. Posner, admitted as Herbert Nelson Posner, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Herbert N. Posner, admitted as Herbert Nelson Posner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).